

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00562-CV

**IN THE INTEREST OF T.V.B.**, G.N.H., and E.S.W., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-00127
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:      Sandee Bryan Marion, Chief Justice
      Patricia O. Alvarez, Justice
      Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

AFFIRMED

E.O. appeals the trial court's order terminating her parental rights to T.V.B., G.N.H, and E.S.W. The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the children's best interest. We affirm the trial court's order.

### BACKGROUND

On January 23, 2017, the Texas Department of Family and Protective Services filed a petition to terminate E.O.'s parental rights to T.V.B., G.N.H, and E.S.W. On the date the petition was filed, T.V.B. was fifteen, G.N.H. was eleven, and E.S.W. was nine.

A bench trial was held over a three-day period on April 20, 2018, May 23, 2018, and July 23, 2018. At the conclusion of the trial, the trial court terminated E.O.'s parental rights, and she appeals.[1]

### STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of the following three predicate grounds under subsection 161.001(b)(1) to terminate E.O.'s parental rights: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical and emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; and; (3) failed to comply with the court-ordered service plan. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (O); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (noting evidence that proves one or more statutory grounds for termination may be probative in proving termination is in the child's best interest). The trial court also found clear and convincing evidence that termination of E.O.'s parental rights was in the children's best interest.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In*

---

[1] G.N.H.'s father also appealed but subsequently filed a motion to dismiss his appeal which this court previously granted.

*re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

**BEST INTEREST FINDING**

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The testimony at trial established the children were removed from E.O.'s care because she was highly intoxicated. During therapy, the children revealed E.O. engaged in sexual acts while the children were listening or watching, bit a dog in the scrotum area, smoked marijuana with one of the children, encouraged the oldest child to have sex with an individual for money, and had unsafe people in the home. E.O. denied all of the foregoing. In addition, the children revealed they were afraid of E.O. because when she was intoxicated, she would tell the children to hide and that she would kill them if she found them. She also once lit T.V.B.'s hair on fire. The children

further revealed they would be required to parent E.O. and clean up after her when she threw up or passed out from drinking. E.O.'s therapist testified she was concerned E.O. was grooming the children to be used in sexual acts. The caseworker and therapists testified none of the children want to return to E.O.'s care.

By the time of trial, E.O. claimed she was no longer drinking and was attending AA; however, the therapists and caseworker testified E.O. did not provide any evidence of such attendance. The therapists and caseworker believed E.O. was continuing to drink, and E.O.'s therapist testified she contacted law enforcement in March of 2018 after E.O. threatened to kill herself during a phone conversation. *In re F.M.*, No. 14-18-00384-CV, 2018 WL 4925127, at *7 (Tex. App.—Houston [14th Dist.] Oct. 11, 2018, no pet. h.) (noting evidence of a parent's unstable lifestyle, including alcohol use, supports best interest finding); *In re C.K.*, No. 04-17-00034-CV, 2017 WL 2791315, at *4 (Tex. App.—San Antonio June 28, 2017, pet. denied) (citing Department's concerns about mother's unaddressed alcohol abuse as evidence to support best interest finding). E.O. testified the therapist misunderstood the statements made during the phone conversation.

E.O.'s family therapy and visits with the children were discontinued after E.O. failed to maintain boundaries and abide by the rules regarding visitation, continued to tell the children she would be sent to jail if they provided information regarding their home life, and told the children she would die from a heart condition if they were not returned to her care. The children supported the decision to stop the family therapy sessions. The caseworker testified that after the visits were discontinued in January of 2018, she allowed the children to call E.O. on Mother's Day, and the children stated E.O. was drunk and incoherent.

E.O.'s therapist testified E.O. never progressed with meeting any of her therapy goals and never accepted responsibility for her actions. E.O.'s therapy sessions ended in March of 2018 after

the therapist contacted law enforcement because E.O.'s anger over the contact broke any possible therapeutic bond. E.O.'s therapist testified E.O. could not provide the children with a stable and safe environment.

The children are all placed in foster homes with families who are willing to adopt them. The family therapist testified the children have gained stability in their foster homes and see a future in their placements. G.N.H.'s therapist testified G.N.H. wants to remain with her foster family, and letters G.N.H. wrote to the judge and to E.O. were introduced into evidence.

Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination of E.O.'s parental rights was in the children's best interest.

### CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice